FILED
CLERK, U.S. DISTRICT COURT

MAY 23 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK RANDALL THOMAS, aka THOMAS KIRK RANDALL, | Case No. CV 07-3291-SGL(RC) |
| Petitioner, | |
| vs. | AMENDED REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE |
| J.F. SALAZAR, WARDEN, | |
| Respondent. | |

This Amended Report and Recommendation[1] is submitted to the Honorable Stephen G. Larson, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

//

---

[1] This Amended Report and Recommendation clarifies page 4, lines 1-8, to more clearly explain the factual chronology of petitioner's efforts to obtain post-conviction relief. It does not change any findings of fact, conclusions of law or the recommendation. Moreover, petitioner has not filed any declarations or objections to the initial Report and Recommendation addressing his attempts to obtain post-conviction relief.

**BACKGROUND**

**I**

On February 11, 2004, the People filed an information in Los Angeles County Superior Court case no. SA051288, charging petitioner Kirk Randall Thomas, aka Thomas Kirk Randall, with one count of corporal injury to spouse/cohabitant in violation of California Penal Code ("P.C.") § 273.5(a), and alleging that in the commission of the offense petitioner personally inflicted great bodily injury on the victim within the meaning of P.C. § 12022.7(a). Clerk's Transcript ("CT") 34-35. On March 5, 2004, petitioner pleaded nolo contendere to, and was convicted of, violating P.C. § 273.5(a), and petitioner admitted the allegation under P.C. § 12022.7(a). CT 49-50. On March 22, 2004, the trial court suspended imposition of sentence and placed petitioner on formal probation for 36 months on certain terms and conditions, including payment of restitution. CT 51-53. On May 6, 2005, petitioner admitted violating probation, and the trial court revoked his probation and sentenced him to six years in state prison. CT 67-69.

On May 17, 2005, petitioner filed a notice of appeal to the California Court of Appeal, CT 70-71; Lodgment nos. 2-4, which affirmed the judgment in an unpublished opinion filed December 7, 2005.[2] Lodgment no. 5. The petitioner did not seek review in the

---

[2] The California Court of Appeal noted petitioner "did not obtain a certificate of probable cause as required in order to make an appellate challenge to his admission of a probation violation." Lodgment no. 5 at 2. Nevertheless, the California Court of Appeal went on to deny petitioner's challenge to his admission of violating probation "on the merits." Id. Specifically, the California Court of Appeal found petitioner's

2

California Supreme Court. First Amended Petition at 3.

On or about January 3, 2006,[3] petitioner filed a petition for habeas corpus relief in the Los Angeles County Superior Court, which denied the petition on the same date, with citations to In re Lopez, 2 Cal. 3d 141 (1970) and In re Dixon, 41 Cal. 2d 756 (1953). Lodgment no. 6. The mail log for petitioner from Chuckawalla Valley State Prison shows petitioner received notice of the Superior Court's denial on January 9, 2006. Third Lodgment, Exh. 1; see also Lodgment no. 6 (Superior Court minute order stating copy of minute order was mailed to petitioner at his address of record).
//

---

"counsel advised the trial court that [petitioner] wished to admit the probation violation. [Petitioner] immediately thereafter admitted violating probation to the trial court. Contrary to [petitioner's] argument, no further admonitions were required to support the admission of a probation violation." Id. Subsequently, on December 29, 2005, petitioner filed an application for a certificate of probable cause in the California Court of Appeal, which the Court of Appeal treated as a petition for writ of mandate and denied the petition on January 12, 2006. Lodgment no. 7.

[3] "Under the 'prison mailbox rule' . . . a prisoner's . . . habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001) (citation omitted); Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." Huizar, 273 F.3d at 1223; Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001). Here, although neither party has provided documentation to ascertain whether the mailbox rule applies to this filing in the Los Angeles County Superior Court, since the Superior Court issued its decision before the statute of limitations began to run, this omission is irrelevant.

3

On March 26, 2006, petitioner sent a second habeas corpus petition to the Los Angeles County Superior Court, which stamped the petition "received" on July 24, 2006, and did **not** file the petition. Second Lodgment, Exh. 1. On June 27, 2006, petitioner made a request for a ruling from the Superior Court on this habeas corpus petition, Lodgment no. 8, Exh. B, and on July 31, 2006, the Superior Court responded to petitioner's request, addressing the first petition since the second petition had not been filed, stating:

> The defendant has requested a ruling on his request for habeas relief. . . . However, the Court ruled on defendant's writ of habeas corpus on January 3, 2006. The Court sent notice of the ruling to the defendant who proceeded to submit a similar petition seeking habeas relief. The Court sent notice that the issues had been resolved by the Court's ruling of January 3, 2006. [¶] The Court will, once again, forward the ruling of January 3, 2006, to the petitioner/defendant.

Lodgment no. 6; Second Lodgment, Exh. 2.

On October 8, 2006, petitioner filed another petition for writ of mandate in the California Court of Appeal, this time seeking an order requiring the Superior Court to rule on his habeas corpus petition, and the Court of Appeal denied the petition on October 27, 2006, stating "[t]he superior court file reflects that by way of an order dated July 31, 2006, the respondent court ruled on petitioner's motion to compel a response to his petition for writ of habeas corpus."

4

Lodgment no. 8. Finally, on November 27, 2006, petitioner filed a petition for review in the California Supreme Court, which denied the petition on January 3, 2007. Lodgment no. 9.

## II

Effective May 6, 2007, petitioner filed a habeas corpus petition under 28 U.S.C. § 2254, challenging his conviction and sentence, and on June 4, 2007, respondent filed a motion to dismiss the petition, arguing petitioner had failed to name the proper respondent. On June 6, 2007, Magistrate Judge Rosalyn M. Chapman dismissed the petition with leave to amend, and on June 28, 2007, petitioner filed a First Amended Petition ("FAP"). On September 4, 2007, respondent filed a motion to dismiss the First Amended Petition, arguing it is untimely, and on September 26, 2007, petitioner filed his opposition to the motion to dismiss.

In the pending First Amended Petition, petitioner raises two claims:

Ground One -- "Trail [sic] court did not apprise petitioner of his right to jury trial, right to self incrimination, [and] right to cross-examination" at the time petitioner pleaded nolo; and

Ground Two -- "Trail [sic] court erred when failing to ascertain adequate factual basis befor [sic] accepting [petitioner's] . . . guilty plea." FAP at 5.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus.

Moore v. Calderon, 108 F.3d 261, 263 (9th Cir.), cert. denied, 521 U.S. 1111 (1997). Of specific importance to the petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, petitioner's state court judgment became final thirty days after the California Court of Appeal filed its decision on December 7, 2005. Former California Rules of Court, Rule 24(b) (2006).[4] The time to file a petition for review in the California Supreme Court expired

//
//

---

[4] Former Rule 24 was renumbered as Rule 8.264 effective January 1, 2007.

ten days later, on January 17, 2006.[5] Former California Rules of Court, Rule 28(e) (2006).[6] Thus, for petitioner, the AEDPA's statute of limitations began to run on January 18, 2006, and expired one year later on January 17, 2007. Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002).

The instant action was not filed until May 6, 2007 -- almost four months after the statute of limitations had run. However, this Court must consider whether the statute of limitations was tolled while petitioner's various petitions were pending before the California courts. Generally, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge[,]" Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (footnotes omitted), cert. denied, 529 U.S. 1104 (2000), so long as the petitioner did not unreasonably delay in seeking collateral relief. Carey v. Saffold, 536 U.S. 214, 225, 122 S. Ct. 2134, 2141, 153 L. Ed. 2d 250 (2002).

Here, however, petitioner filed a habeas corpus petition in the Los Angeles County Superior Court, and it was denied by the Superior Court, **before** the judgment of his conviction became final; thus, this

---

[5] The fortieth day, January 16, 2006, was a holiday; therefore, the final day for petitioner to timely file a petition for review in the California Supreme Court was January 17, 2006. California Code of Civ. Proc. § 12a(a); former California Rules of Court, Rule 45(a) (2006). Rule 45(a) was renumbered Rule 8.60, effective January 1, 2007.

[6] Former Rule 28 was renumbered as Rule 8.500, effective January 1, 2007.

habeas petition did not toll the statute of limitations, which had not yet begun to run. See, e.g., Laboy v. Carroll, 437 F. Supp. 2d 260, 264 (D. Del. 2006) ("Petitioner's first Rule 35(b) motion was filed on August 4, 1994 and denied on August 8, 1994, well before Petitioner's conviction became final in 1995"; therefore, it did not toll the statute of limitations); Santiago v. Miller, 180 F. Supp. 2d 471, 473 n.2 (S.D. N.Y. 2001) (since petitioner's first collateral attack "was filed and adjudicated before the AEDPA limitations period even began, . . . it is not relevant" to determining whether petitioner's federal habeas petition was timely filed). Moreover, petitioner's second habeas corpus petition to the Superior Court was **not** filed by the Clerk of the Court; thus it cannot statutorily toll the limitations period. See Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); Sibley v. Culliver, 377 F.3d 1196, 1202 (11th Cir. 2004) ("Where the petition is not 'properly filed' there is no tolling of the one year limitations period." (citation and internal quotation marks omitted)).

The petitioner's other post-conviction petitions to the California courts were for mandamus relief, rather than habeas corpus relief, and these requests do not toll the limitations period because they are not "application[s] for State post-conviction or other collateral review with respect to the pertinent judgment or claims" within the meaning of Section 2244(d)(2). Cf., e.g., Malcom v. Payne, 281 F.3d 951, 957-62 (9th Cir. 2002) (petition for clemency under Washington state law is not an application for "state post-conviction

or other collateral review" and therefore does not toll the statute); see also Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002) (state court mandamus application requesting trial court be directed to rule on state habeas application is not application for collateral review with respect to prisoner's conviction, and does not toll one-year limitation period), cert. denied, 537 U.S. 1236 (2003); Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001) (finding no basis for equitable tolling where petitioner sought discovery through state mandamus proceeding, rather than timely filing habeas petition); Johnson v. Lewis, 310 F. Supp. 2d 1121, 1125-26 (C.D. Cal. 2004) (holding petition for writ of mandate seeking return of property does not toll the statute of limitations).  Thus, this Court finds no basis to statutorily toll the AEDPA's statute of limitations.

There also is no basis for this Court to equitably toll the AEDPA's statute of limitations.  A habeas petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation and internal quotation marks omitted); Espinoza-Matthews v. People of the State of Cal., 432 F.3d 1021, 1026 (9th Cir. 2005).  The petitioner bears the burden of proving: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006).  Additionally, "the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.

1  2003) (citations and internal quotation marks omitted); <u>Roy v.
2  Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006), <u>cert. denied sub nom.</u>,
3  <u>Belleque v. Kephart</u>, 127 S. Ct. 1880 (2007). Here, petitioner does
4  not contend he is entitled to equitable tolling of the AEDPA's
5  limitations period, and he sets forth no basis for such tolling. For
6  all these reasons, petitioner's habeas corpus petition is untimely.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Amended Report and Recommendation; (2) adopting the Amended Report and Recommendation as the findings of fact and conclusions of law herein; and (3) directing that Judgment be entered dismissing the First Amended Petition and action as untimely.

DATE: May 23, 2008

ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R\07-3291.R&R2
5/23/08